# SUPREME COURT.

## BOARD OF SUPERVISORS OF TOMPKINS COUNTY agt. GEORGE H. BRISTOL and others.

*Practice — Appeals — Costs — Affirmance of judgment where both plaintiff and defendants appeal — proper entry in record — who entitled to costs.*

This action was commenced to recover of the defendant, Bristol, default-ing county treasurer, and his sureties, certain amounts of money alleged to have been misappropriated by Bristol. Such moneys belonged to sev-eral distinct funds, viz.: the county fund, the infant heir fund, the asylum fund and the military fund. Judgment was rendered by the referee for a certain amount of county funds and costs. Both plaintiff and the defendants (except Bristol) appealed. The general term affirmed the judgment. The memorandum or decision was, "judgment affirmed, with costs." The plaintiff thereupon entered judgment, hav-ing previously, on notice, taxed the costs of the appeal at $172.83, and issued execution to collect the original judgment and costs of the appeal:

*Held* (1st), that, as the plaintiff appealed from the entire judgment and on this appeal the judgment appealed from was affirmed; not in part but *in toto*, the respondents were entitled to their costs by law as a mat-ter of right.

(2d). The defendants (except Bristol and Hathaway) also appealed in like manner as did the plaintiff; that is from the entire judgment. On this appeal, too, the decision was, that the judgment should be affirmed, and it necessarily follows that the respondent, on this appeal, was entitled to costs. The court could not deprive the respondents on each separate appeal, of costs, because, they were awarded by law as a mat-ter of absolute right.

The memorandum or order of the general term was "judgment affirmed, with costs:"

*Held*, that this memorandum should have been followed on the record, by a judgment declaring the decision or adjudication suggested by it, fully, as regards any, and all rights to which the parties were entitled under it.

There could be, regularly, but one judgment, both appeals having been heard together, and the judgment being one of simple affirmance whereby both were determined, that judgment should declare the affirmance, and should, in due form, award costs to the parties entitled to them by law, and against those who were by law bound to pay them. To this end there might be separate clauses in the entry of judgment.

Board of Supervisors agt. Bristol.

Where, as in this case, a set-off of costs would seem proper, a clause to that end, following explanatory recitals, might be entered, if not without application to the court certainly on application at special term. It was within the just scope and power of the special term to correct and perfect the record as regarded the proper entry of judgment upon the facts disclosed.

The special term should have recognized the rights of the respondents on each appeal to costs; and should have directed a set-off of the respondents' costs on the appeal taken by the plaintiff in reduction of the amount of the recovery against the former, and limited the recovery and execution against them to the balance only.

An entry of judgment is irregular, which awards costs of appeal against a party who has not appealed. He is not chargeable with costs with his associate defendants, who, without him, took the appeal. The costs of the appeals are allowable against the appellants only, as to whom the judgment was affirmed.

*Third Department, General Term, September,* 1879.

*Before* LEARNED, *P. J.,* BOCKES *and* BOARDMAN, *JJ.*

THE plaintiffs sued Bristol, defaulting county treasurer, and his sureties to recover $5,194 county funds and $7,997 funds of infant heirs. Judgment was rendered by the referee for $6,130 county funds and costs. Both parties appealed. The defendants appealed "from the said judgment and every part thereof," and excepted specifically to the finding of fact and conclusions of law upon which the referee based his judgment.

The general term affirmed the judgment, with costs.

The plaintiffs thereupon entered judgment, having previously, on notice, taxed the costs of the appeal at $172.83, and issued execution to collect the original judgment and costs of the appeal.

The plaintiffs never appealed from the judgment as directed by the referee, they sought, in the appellate court, to increase it by the items rejected by the referee.

The defendants moved to set aside the judgment and execution, and the special term, upon that motion, made the

order now appealed from, striking out from the judgment and execution the costs of the appeal to the general term.

The order appealed from was made by MARTIN, J., and is as follows :

Upon the printed case on appeal, the printed points, the opinion of the general term, the affidavit of F. M. Finch, with copies of order of affirmance and of execution, a motion having been made to set aside the judgment entered in this action on the 28th day of January, 1879, against the defendants for $316.53, after hearing Mr. Finch for the motion and Mr. Ellsworth in oppsition,

Ordered, that the judgment entered in this action above set forth be modified by reducing the said judgment to the sum of $143,70, as of January 28, 1879, and the execution in the hands of the sheriff is hereby modified by deducting therefrom the sum of $172.83.

*P. G. Ellsworth,* for plaintiff.   I. The judgment, and every part thereof from which the defendants appealed, was affirmed, with costs, and thus gave plaintiffs costs of the appeal.   The defendants' point on appeal was this :   " The judgment should be affirmed as to the infant heir fund and the military fund, but should be reversed as to the county fund for the reasons stated in the motion for nonsuit."   The plaintiffs excepted to the portion of the referee's report respecting the infant heir fund and military fund, and asked that the judgment be increased by the amount of that fund proved.   This the appellate court refused to do.

II. No part of the judgment from which the defendants appealed was reversed, but it was affirmed, with costs.   The order of special term striking out costs of the appeal should be reversed.

*F. M. Finch,* for defendants.   I. The true construction to be given to the order of the general term is that it awarded costs to the successful party on the appeal.   The order reads :

" Judgment affirmed, with costs." The court of appeals have held that such an order means with costs to the party who succeeds on the appeal (*Sisters of Charity* agt. *Mary Kelly*, 68 *N. Y.*, 628).

II. The defendants were the successful party on the appeal. If there is any doubt or ambiguity on this point it is to be solved by reference to the " circumstances of the case," the " nature of the appeal " and the " effects of the adjudication " (*Lawrence* agt. *Lindsey*, 70 *N. Y.*, 567). Such a reference leaves not a shadow of doubt behind it in this case. The plaintiffs, before the referee, suing for a general deficiency recovered on the county fund, but were beaten on the infant heir fund and military fund. Dissatisfied with the result, they appealed from the judgment in their own favor and, of course, sought its reversal as being too small. The defendants then appealed, but as the points and the opinion of the court show, not seeking a reversal, but on the contrary demanding an affirmance and making the appeal solely, that in case of a reversal an opinion might be given to guide a new trial on all the funds. The defendants' points, at the very outset, said : " The defendants, however, do not ask a reversal of the judgment, and present no points for that purpose " (*Points*, *p.* 1). The reason for defendants' appeal is then stated. The argument then proceeds (thirteen pages) to show that the referee committed no error, and the judgment should be affirmed. And the fifth and last point, which merely refers to the motion for a nonsuit, was framed to meet the possible emergency of a reversal, and in that case only the court was asked to pass on the referee's ruling as to the county fund. The oral argument itself was plain. The plaintiffs sought to reverse the judgment. The defendants sought to have it affirmed. That was the whole struggle, and not one word of argument or criticism as to the county fund was uttered. The written opinion of the general term shows the same thing (22 *Sup. Ct. Rep.*, 118). The court say : " Both the plaintiff and the sureties have appealed, but on the argument

the counsel for the sureties stated that they asked no reversal of the judgment. Their sole object in appealing was, that in case of reversal an opinion should be expressed on certain points. The only matters then to consider are those raised by the plaintiffs as ground for the reversal of the judgment." On these facts it is difficult to comprehend the peculiar mental structure which could claim costs of appeal as due to a defeated appellant.

III. The plaintiffs succeeded in nothing on the appeal. The judgment was affirmed, but against their demand for a reversal. The defendants succeeded in all they asked. They sought an affirmance and it was granted. The order of justice MARTIN should be affirmed, and this strange experiment of plaintiffs counsel receive the condemnation it deserves.

BOCKES, J. — The difficulty in this case arises out of the irregularity in the practice adopted by the parties following the decision of the appeals.

Regarding the notes in the record, declaratory of the decision of the general term, as a memorandum merely, and the appeals have never been properly disposed of on the record. The memorandum should have been followed on the record by a judgment declaring the decision or adjudication suggested by it, fully, as regards any, and all rights to which the parties were entitled under it. The memorandum was, "judgment affirmed, with costs." There were cross-appeals — one was taken by the plaintiff, the other by the defendants (except Bristol and Hathaway); and, although both appeals were submitted to the court and decided by it, but one entry upon the record, declaring an affirmance of the judgment appealed from was necessary or proper, with an emendation or addition, awarding costs to the party or parties entitled thereto by law, or to such as the court should give costs to in case they were in the discretion of the court. In this case the costs were given by law, as "*of course.*" Their allowance or disallowance was not in the discretion of the court. This is apparent

on reference to the pleading, and to the provisions of the Code, relating to costs on appeal. The action was a common-law action for the recovery of money only, hence the successful party was entitled to costs by law, as a matter of right; and the same on appeal inasmuch as the judgment appealed from was wholly affirmed; not affirmed or reversed in part. The words "with costs" in the memorandum did not and could not, in this case, affect the rights of the parties in their claim to costs. on the appeals. Their rights, in that regard, were fixed and determined by the law itself. If those words had been omitted the rights of the parties to costs would have been the same.

The entry of judgment was also irregular in this; costs of appeal were thereby awarded against Bristol, who had not appealed. He was not chargeable with costs with his associate defendants, who, without him, took the appeal. The costs of the appeals were allowable against the appellants only as to whom the judgment was affirmed (*Hawk* agt. *Bishop*, 10 *Hun*, 501). This error, however, Bristol should have corrected, on motion, at special term, rather than by appeal, the entry of judgment, as to him, having been made *ex parte*.

But this point is of no great moment in this case, as will be seen in the sequel.

Now, let us see how the parties stood on the record in this case. The plaintiff appealed from the entire judgment. On this appeal the judgment appealed from was affirmed, not in part, but *in toto*. The law declares, that if the judgment be affirmed, costs shall be awarded to the respondent. Therefore, on this (the plaintiff's appeal) the respondents were entitled to their costs by law, as a matter of right. So the Code declares, in express terms.

The defendants, except Bristol and Hathaway, also appealed in like manner, as did the plaintiff — that is, from the entire judgment. This appeal was also submitted to the court and was determined by it. On this appeal, too, the decision was that the judgment should be affirmed. So it necessarily fol-

lows that the respondent on this appeal was entitled to costs.
The right to costs was determined on this appeal, the same
as on the plaintiff's appeal. Thus it is seen that the court
could not deprive the respondents, on each separate appeal, of
costs, because they were awarded by law as a matter of abso-
lute right. Both were argued and submitted to the court for
decision, and both were, in fact, decided. The judgment
appealed from was affirmed.

Thus it is seen that the respondents, on each appeal, suc-
ceeded and became, as regards the respective appeals, a "suc-
cessful" party.

The defendants' counsel urges that, although they (the
defendants) appealed and, as the record shows, "from the
whole judgment and every part thereof," yet they did not
desire its reversal, and argued before the court to sustain it.
They were, nevertheless, appellants on the record. A party
cannot be allowed to escape the costs which the law gives to
his successful adversary by aiding him to obtain them. The
court must look to the record in giving effect to the law. The
remarks of the court in *Wilson* agt. *Palmer* (5 *Weekly Dig.*,
507), with trifling change of language, will well apply here,
as to the allowance of costs against an unsuccessful party on
appeal. He cannot be allowed to say that it was not intended
to review any particulars of the judgment, the appeal being
from the entire judgment. He brings the appeal and must
abide the consequences of its due disposition on the record.
In this case the respondents, on each separate appeal, were
entitled to costs.

But, as above suggested, there could be *regularly* but one
judgment, both appeals having been heard together, and the
judgment of simple affirmance whereby both were determined ;
that judgment should declare the affirmance, and should, in
due form, award costs to the parties entitled to them by law,
and against those who were by law bound to pay them. To
this end there might be separate clauses in the entry of judg-
ment. In this case, however, where a set-off of costs would

---

Board of Supervisors agt. Bristol.

---

seem proper, a clause to that end, following explanatory recitals, might be entered, if not without application to the court, certainly on application at special term.  The motion here under review, was sufficiently broad and comprehensive to meet the exigency of the case on the facts.  It was, within its just scope, to correct and perfect the record, as regarded the proper entry of judgment upon the facts disclosed.   The decision of the motion at special term, should, as I think, have recognized the rights of the respondents on each appeal to costs, and should have directed a set-off of the respondents' costs on the appeal taken by the plaintiff, in reduction of the amount of the recovery against the former, and limited the recovery and execution against them to the balance only.  It is competent for the court, now, on this appeal, to do what the special term should have done in the premises.

If correct in the conclusions above reached, the order appealed from should be modified in a way to meet the suggestions here made; and neither party should have costs against the other, either at the special term or on this appeal.

It is probable that the counsel will now agree upon the proper order to be entered, but, if otherwise, the order must be settled before one of the justices of the court.

NOTE. — Perhaps there may be some good reason why a set-off should not be made, as above indicated; and, perhaps, the counsel should be heard on this subject before entering an order in that regard.  If so, the entry of judgment should simply contain separate clauses giving to the respective parties the costs to which the affirmance of the judgment entitled them. — (Per BOCKES, J.)